# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:24-CV-00650-FDW-DCK

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **ROSS ALLIED TRUCKING, LLC, D/B/A** ) | |
| **SIMPLIFIED MOVING SOLUTIONS,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the Court on the Motion for Default Judgment filed by Plaintiff United States of America. (Doc. No. 4.)

On July 12, 2024, Plaintiff filed a Complaint against Defendant Ross Allied Trucking, LLC. (Doc. No. 1.) A summons was issued electronically that day. (Doc. No. 2.) On August 27, the summons was returned executed, showing that Defendant was served on July 27 and its Answer was due on August 19. (Doc. No. 3.) After, Defendant did not file an answer or responsive pleading, Plaintiff filed the present Motion for Entry of Default Judgment on November 19. (Doc. No. 4.) Plaintiff, moving under Federal Rule of Civil Procedure 55(b)(2), seeks entry of "judgment in the amount of $9,245.18, plus interest on the principal after May 2, 2024 to date of judgment at the rate of 2.00% per annum, plus penalties at the rate of 6.00% per annum, plus costs of filing in the amount of $400.00 as permitted by 28 U.S.C. § 2412(a)(2) . . . ." (Id. at 1.)

At the outset, the Court notes that Plaintiff's Motion for Default Judgment conflates the entry of default pursuant to Rule 55(a) with the entry of a default judgment under Rule 55(b) of the Federal Rules of Civil Procedure. However, "to obtain a default judgment [pursuant to Rule 55(b)], a party must first seek an entry of default under Federal Rule of Civil Procedure 55(a)."

Am. Auto. Ass'n v. J & T Body Shop, Inc., No. 3:10-cv-189-RJC-DCK, 2011 WL 5169399, at *1 (W.D.N.C. Oct. 31, 2011) (quoting Cameron v. MTD Prods., Inc., No. 5:03-cv-75, 2004 WL 3256003, at *2 (N.D.W. Va. Jan. 7, 2004)); accord Eagle Fire, Inc. v. Eagle Integrated Controls, Inc., No. 3:06-cv-264, WL 1720681, at *5 (E.D. Va. June 20, 2006) ("The entry of default is a procedural prerequisite to the entry of a default judgment."). Thus, Rule 55 establishes a two-step process. Rule 55(a) provides that a clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Once the clerk enters default, the party may then seek a default judgment pursuant to Rule 55(b). Fed. R. Civ. P. 55(b). Entry of a default judgment under Rule 55(b) is appropriate "when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." U.S. v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982).

Here, Plaintiff seeks default judgment, but the Clerk of Court has not yet entered default, nor has Plaintiff sought entry of default. Accordingly, default judgment is premature.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment, (Doc. No. 4), is **DENIED WITHOUT PREJUDICE** to refiling after the Clerk of Court has entered default.

**IT IS SO ORDERED.**

Signed: December 10, 2024

_____
Frank D. Whitney
United States District Judge